LAW OFFICE OF:
VINCENT F. SPATA, Esq.
1375-74th STREET
Brooklyn, NY 11228
Tel. No. (917) 588-2989
Fax No. (718) 228-9500

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THOMAS CANTORE,                      Docket No._____

           Plaintiff,                        **CIVIL CASE**

-against-

                                             **CIVIL RIGHTS COMPLAINT**

CITY OF NEW YORK;
NEW YORK CITY POLICE DEPARTMENT;
RAYMOND KELLY, Police Commissioner, NYC Police
Department and as Chairman of the Board of Trustees,
Article II Police Pension Fund, in his Official and
Individual Capacity; ARTICLE II POLICE PENSION
FUND, a/k/a: POLICE PENSION FUND;
"John & Jane Doe" (1-12), Members of the
Board of Trustees, Article II Pension Fund, in their
Official & Individual Capacity,

           Defendants.

---

       And Now Comes Thomas Cantore, the plaintiff in the above entitled matter, and who now by and through his attorney Vincent F. Spata Esq., re-files this instant Complaint against each of the above named defendants and in support thereof, states and alleges as follows:

1

1. That plaintiff is more than 18 years of age, a citizen of the United States of America, residing in Staten Island New York, and a retired New York City Police Lieutenant.

2. That none of the charges as prosecuted herein are currently before any court or arbitration panel.

3. That plaintiff filed an earlier complaint which was marked closed (without prejudice) by the Court.

## JURISDICTION & VENUE

4. That this Court is the Court of jurisdiction where venues lies, wherein all of the events complained of occurred within the jurisdictional boundaries of this Honorable Court, plaintiff prosecutes a federal question seeking more than $75,000.00 USD in damages, and all defendants as named in the above entitled matter maintain their principal business office in New York, New York.

## THE PARTIES

5. That the plaintiff Thomas Cantore is a retired New York City Police Officer, (Lieutenant) retired just shy of 20 years of service based upon an application for disability filed by the New York City Police Department on his behalf, resulting from 'Heart Disease' suffered by the plaintiff.

6. That defendant City of New York, is a municipality, local government, responsible for the operation and management of the New York City Police Department, and Article II Police Pension Fund, and is a qualified person within the meaning of Title 42 §1983

7. That defendant New York City Police Department is the former employer of the plaintiff and responsible to provide police services within the City of New York and is a qualified person within the meaning of Title 42 §1983.

8. That defendant Raymond Kelly, is the former Police Commissioner of defendant New York City Police Department, and was Chairman of the Board of Trustees, Article II, Police Pension Fund at all material times as set forth more fully below.

9. That defendant Article II Police Pension Fund, a/k/a: Police Pension Fund, is the Pension Fund responsible for the operation and management of New York City Police Pensions.

10. That defendant "John & Jane" Doe, are voting members of the Defendant Article II, Police Pension Fund, and some of whom are believed to be medical doctors representing defendants City of New York and New York City Police Department and are qualified defendants within the meaning of Title 42 §1983. (Plaintiff will be entitled to learn their names and position during the discovery process).

## PRELIMINARY STATEMENT

11. The plaintiff's case arises following his application for grant of Accidental Disability Retirement (ADR), and the unlawful, wrongful denial of his claim by plaintiff's former employer, Defendant, New York City Police Department, et-al", where plaintiff was last employed as a police lieutenant until his early retirement based upon a "Heart condition", unlawfully and wrongfully classified as an Ordinary Disability Retirement, (ODR), in lieu of the Accidental Disability Retirement (ADR), which he was statutorily entitled to pursuant to the statute (207-k General Municipal Law).

The plaintiff filed an earlier Federal Complaint which was dismissed pursuant to defendant Rule 12-6(b) motion and closed (without prejudice) and the plaintiff now files his independent (claim) complaint, charging that the defendants engaged in an unlawful pattern and practice of discrimination with malice and intent to violate plaintiff's Civil Rights, as guaranteed under related federal statute, (among other related charges based on corruption and Fraud), with the ultimate state court judgment causing injury to the plaintiff, to wit loss of his statutorily protected property rights and further financial injury which flows from it.

The plaintiff claim for ADR was codified under 207-k of the General Municipal Law, which has a 'presumption' granted all applicants suffering from related "Heart Condition".

Mr. Cantore complains of a deprivation of his Civil Rights, by the defendants who

4

Unlawfully, and wrongfully, deprived plaintiff of his property rights to wit a three quarters, tax free ADR, based upon a qualified 'Heart Condition' as codified under the statute. (207-k GML).

Mr. Cantore, was ultimately granted a taxable, 'Ordinary Disability Retirement, (ODR) depriving him of his retirement under the 'Heart Bill', (207-k, GML) as awarded to all others similarly situated, and hence violated his fundamental right to 'equal protection of law'.

The defendant City of New York, at the same time as plaintiff was seeking a tax free ADR, under the 'Heart bill', had decided to eliminate the benefit for new hires and employed a surreptitious campaign of fraud, harassment and conspiracy to violate the civil rights of the plaintiff, aimed at wrongfully depriving plaintiff (and others) of their protected rights as codified in part under the General Municipal Law, (207-k).

The defendant campaign to maliciously, unlawfully and wrongfully disqualify the plaintiff in benefiting from his protected rights, included, but was not limited to, a campaign of harassment, and unlawful, wrongful rejection of plaintiff's irrefutable independent medical evidence, which establish plaintiff's irrefutable medically documented heart condition and presumption under related law (GML 207-k).

## FACTS IN COMMON TO ALL COUNTS

12.   That plaintiff was appointed as a Police Officer, New York City Police Department on July 5th, 1989.

5

13. That plaintiff was promoted to the Rank of Sergeant and next Lieutenant, prior to his Retiring from the New York City Police Department on June 17th, 2008, on an ordinary disability taxable retirement, (ODR).

14. That prior to plaintiff filing application for ADR, defendant(s) surreptitiously decided to adopt a policy aimed at eliminating the statutory benefit for all future police officers, (new hires) and acquired a legislative change in, on, or about July 2009, for all (Tier 3 Retirement), police officers, eliminating the protections of the 'Heart Bill' and the plaintiff retired in June 2008.

15. That defendant City of New York, prior to enacting legislative change eliminating the statutory protection of the 'Heart Bill' for all new hires, devised a scheme grounded in fraud, to deprive the plaintiff of his statutory right to ADR protection.

16. That as part of the defendants scheme to defraud the plaintiff and deprive him of his statutory right to ADR (207-k GML), defendants engaged in a pattern and practice of harassment against the plaintiff, which included but was not limited to

- Pressured plaintiff to return to full duty status
- Undesirable Restricted duty work assignments & hours of work
- Defendant Police Department pressured plaintiff to return to full duty for one week so Police Department could meet necessary full duty members to qualify for Federal Safe City Safe Streets funding.
- Defendant New York City Police Captain Nikas, plaintiff's Commanding Officer, consistently berated and shouted at plaintiff, both publically in presence of other members of the service and privately in CO office.

6

17. That defendants induced plaintiff's testing and becoming a police officer from the benefit package they boasted about, which included the protections of the 'Heart Bill'.

18. That defendants secreted their motive to adopt an agenda to eliminate the benefit for new hires and deprive veteran police officers like the plaintiff from receiving the benefit of the 'Heart Bill'.

19. The defendant's nefarious scheme including depriving the plaintiff from his statutory right to ADR by directing their 6 votes on the Article II Police Pension Fund to arbitrarily & capriciously vote against plaintiff's application for ADR and award ODR Retirement instead, (contrary to the actual medical evidence) since the defendants were Constitutionally prohibited from apply future legislative changes retroactively to the plaintiff.

20. That plaintiff can prove the nefarious plot by the defendants during the discovery process, which will include deposing members of the Police Pension Fund, and through the statistics maintained by the defendants concerning ADR awards under the 'Heart Bill' prior to plaintiff's application, proving that he was treated differently than all others similarly situated retiring with 'Heart Disease' and deprived of equal protection of law and due process, in violation of the Fourteenth Amendment of the United States Constitution, hence violating plaintiff civil rights under Title 42 §1983.

21. That plaintiff's ADR application did not receive a fair and impartial review by the

defendants, some of whom are medical doctors, holding a voting position on the Article II Police Pension Fund.

22. That the review of plaintiff's ODR application vs. ADR application, by defendant representatives on the defendant Police Pension Fund was arbitrary, capricious and unlawfully, wrongfully contrived against the plaintiff, in violation of plaintiff's statutory right pursuant to 207-k GML and fundamental right to due process and equal protection of law.

23. That defendant(s) nefarious plot to deprive plaintiff of his statutory ADR statutory right was politically motivated in violation of plaintiff's fundamental protected rights.

24. That the actions of the defendants in deriving the plaintiff his ADR statutory protection in the unlawful, wrongful manner which they did and contrary to the irrefutable medical evidence on review, caused plaintiff loss of his property rights, as codified pursuant to 207-k GML, Fourteenth Amendment US Constitution, (Due Process & equal Protection Clause) and Title 42 §1983.

25. That the defendants unlawful, wrongful conduct in devising and executing their nefarious scheme against the plaintiff was intentional.

26. That each of the defendants acted with 'intent and malice' in depriving the plaintiff his statutory ADR benefits and fundamental guaranteed protected right under the Fourteenth Amendment of the United States Constitution.

27. That each of the defendants acted under the "color of law, or state", while being employed by the defendant City of New York, New York City Police Department, or Article II Police Pension Fund, in their respective official positions, and are all qualified persons under Title 42 §1983.

28. That defendant City of New York, contrived a surreptitious scheme, plan or plot, to deprive plaintiff as a police officer of his statutory benefit to receive his statutory ADR pension benefits, and directed defendant New York City Police Department to implement a wrongful scheme, plan or plot of harassment against the defendant as a police officer applicant for ADR.

29. That defendant New York City Police Department, under the command and direction of defendant Police Commissioner Raymond Kelly, joined the unlawful, wrongful, scheme, plan, or plot to deprive the plaintiff of his statutory ADR pension benefits and buttressed the unlawful, wrongful scheme to deprive the plaintiff of his statutory ADR pension benefits with an unlawful, wrongful, scheme, plan, or plot of harassment against the plaintiff, which included but was not limited to undesirable work assignments and working hours, pending the disposition of plaintiff's review for Disability pension retirement pending before the defendant Article II Police Pension Fund.

30. That defendant Raymond Kelly, implemented the unlawful, wrongful, scheme, Plan, or plot, to deprive the plaintiff of his statutory ADR pension benefits, through his position

as "Chairman", of defendant Article II, Police Pension Fund and his position as Police Commissioner, of defendant New York City Police Department.

31. That defendants "John & Jane" Doe, (1-12), Article II Police Pension Fund, blindly 'whistled right along' with the unlawful, wrongful, scheme, plan, or plot, as devised and contrived by defendants City of New York, New York City Police Department, despite the irrefutable evidence in the record that plaintiff suffered from a debilitating 'Heart Condition' within the meaning of 207-k GML and ignoring the presumption given the plaintiff for ADR, pursuant to the statute and voted against granting plaintiff his statutory right to ADR, at the behest of defendant Raymond Kelly as 'Chairman', of the defendant, Article II Police Pension Fund.

32. That the unlawful and wrongful, scheme, plan or plot as devised by the defendants collectively, continued beyond plaintiff's retirement on ORD, with reduced pension benefits and beyond the ordinary appeal process (Article 78).

33. That defendant Police Commissioner Raymond Kelly, directly participated in the unlawful, wrongful, scheme, plan, or plot, to deprive plaintiff of his statutory right to ADR, through his position as Police Commissioner of defendant New York City Police Department, and 'Chairman' of defendant Article II Police Pension Fund, where he voted against plaintiff's ADR application, ignoring the irrefutable medical record establishing plaintiff's covered heart condition and presumption under the statute, (207-k GML), while causing other members of the